Rockingham,
No. 5679.

EDWARD B. VANDEWATER *& a.*

*v.*

PLAISTOW *& a.*

Argued November 6, 1968.
Decided July 30, 1969.

*John J. Wholey* (by brief and orally), for the plaintiffs.

*Boynton, Waldron & Dill* (*Mr. Wyman P. Boynton* orally), for the defendants.

PER CURIAM. This is an action to enjoin the operation of an open burning dump in Plaistow. It was heard by a master (*Charles T. Flynn*, Esq.) who made findings and rulings in writing and recommended "that the defendant town . . . be permanently enjoined from operating an open burning dump in its present location as it is now being operated." The Presiding Justice (*Grant,* J.) approved the master's report and reserved and transferred to this court the defendants' exceptions taken during and following the hearing.

The issues presented by the defendants' argument in support of their exceptions are virtually indistinguishable from those previously considered by this court in *Proulx* v. *Keene,* 102 N. H. 427 and *Webb* v. *Rye,* 108 N. H. 147, the latter decided shortly after transfer of the case now before us. As in the case last cited, the record in this case satisfies us that the master could properly "hold as it did, that, even though the town was exercising a public right in performance of a public duty imposed upon it the operation of the [dump] under all the circumstances constituted an unreasonable use of its property because it resulted in unwarranted substantial injury to the essential rights of the plaintiffs . . . in the use and enjoyment of their properties . . . ." *Webb* v. *Rye,* 108 N. H. 147, 153, *supra.*

What was said in *Proulx* v. *Keene,* 102 N. H. 427, *supra,* 431 applies with equal force to the contention of the defendants in this case that the testimony of the plaintiffs' real estate expert was improperly received. "An expert witness called by the plaintiffs testified that their respective properties were depreciated in value, because of the dump, in percentages ranging from [ten] to fifty per cent of their market values. The defendant argues that its motion to strike the witness' testimony was erroneously denied, because the witness lacked personal knowledge of the extent to which the properties were affected by the alleged nuisance . . . . Although the Trial Court did not accept the witness' estimates of the amount of depreciation, his testimony was properly received in the Court's discretion. [Citations omitted]. Much of his testimony was in response to hypothetical questions which

supplied facts established through other witnesses. The variance in percentages of depreciation could findably be accounted for by factors such as relative location, and the course taken by smoke from the dump . . . . "

Legislative solutions of the serious problems confronting town authorities in complying with RSA 147:23 are not easily come by. See RSA 125:78-89 (supp); Senate Bill 108 "An act establishing an interim commission to study problems associated with the conversion of open dumps to other means of public disposal of refuse," adopted June 26, 1969. Senate Jour. June 26, 1969, *p.* 2095; *Id.* March 20, 1969, *pp.* 499-503; Laws 1969, ch. 420.

The order recommended by the master enjoins the defendant town from operating its dump "in its present location as it is now being operated." Thus it is open to the defendant by improved methods and closer supervision to eliminate the causes for complaint and at the same time fulfill its statutory obligation under RSA 147:23.

*Exceptions overruled.*